## In The Matter of Hancock

*Gregory A. Henry,* for appellant.
*Christopher Houser,* for appellee.

BRANDOW, *P.J.,* August 25, 1983—This matter was before the court as an appeal from a local agency. The Civil Service Commission of the City of Bradford determined that the appellant, Officer John Charles Hancock of the City Police Department, had resigned voluntarily from the Department on November 13, 1982.

A full and complete record of the proceedings before the local agency was made and accordingly, this court heard the appeal without a jury on the record certified by the Agency.

It is the duty of this court to affirm the adjudication of the local agency unless it finds one of the statutory grounds for not affirming the adjudication.

"(b) Complete record.—In the event a full and complete record of the proceedings before the local agency was made, the Court shall hear the appeal without a jury on the record certified by the agency. After hearing the Court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter 8 of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that

any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." Act of April 28, 1978, P.L. 202, No. 53 §5; 2 Pa. C.S.A. §754(b).

Officer Hancock asserts only that the adjudication of the Commission was in error in finding Hancock's resignation on November 13, 1982, was submitted voluntarily and that, as a matter of law, his resignation was not obtained by coercion.

The difficulty arose because of Officer Hancock's personal involvement with a female minor against the wishes of the minor's parents. On October 7, 1982, because of the difficulty Hancock offered to resign from the Bradford Police Department. The offer was refused by the Police Chief with the understanding that Hancock would resign if the difficulty regarding the minor could not be resolved.

Subsequently, on November 13, 1982, the difficulty not having been resolved, the Police Department, upon complaint by the minor's father, commenced criminal proceeding against Officer Hancock and a warrant was issued for his arrest. Hancock, aware of the arrest warrant, telephoned the Police Chief and arranged a meeting, at the police station, with the minor's parents and the Chief.

At the meeting, defendant was informed of his rights and signed a written statement to that effect. During the course of the meeting which was tape recorded with the knowledge and consent of the parties, Hancock was asked if he would resign from the Police Department and replied that he would. He then signed a written resignation and submitted it to the Police Chief.

After the meeting Hancock was taken before a District Magistrate and arraigned. A few days later he married the minor and the charges were withdrawn.

On November 15, 1982, Hancock submitted letters to the City Manager confirming his resignation and requesting his pension funds and unused sicktime. He also filed a voluntary quit statement for unemployment compensation purposes.

The record amply supports the conclusions of the Civil Service Commission that Officer Hancock's resignation from the City of Bradford Police Department on November 13, 1982, was voluntary and was not obtained by coercion.

Accordingly, the court entered the following

## ORDER

And now, August 25, 1983, a full and complete record of the proceedings before the local agency having been made, and the court having heard the appeal therefrom, on the record certified by the agency, the adjudication of the Bradford Civil Service Commission dated March 22, 1983, is hereby affirmed.